IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NATHANIEL HARRIS,

               Petitioner,                         ORDER

    v.                                                     08-cv-283-slc

WISCONSIN DIALYSIS INC. and
JACQUELIN SIMMONS,

               Respondents.

Petitioner Nathaniel Harris, a resident of Middleton, Wisconsin, has filed this civil action alleging that respondent Jacquelin Simmons, an employee of respondent Wisconsin Dialysis Inc., violated petitioner's constitutional rights when she denied him the use of a telephone during a dialysis procedure because of his race. He has asked for leave to proceed without prepayment of fees and costs and has supported his request with an affidavit of indigency.

The standard for determining whether petitioner qualifies for indigent status is the following:

- From petitioner's annual gross income, the court subtracts $2820 for each dependent excluding the petitioner.

- If the balance is less than $11,500, the petitioner may proceed without any prepayment of fees and costs.

- If the balance is greater than $11,500 but less than $15,000, the petitioner must prepay half the fees and costs.

- If the balance is greater than $15,000, the petitioner must prepay all fees and costs.

Dockets.Justia.com

- Substantial assets or debts require individual consideration.

In this case, petitioner has two dependents. His monthly income is $240 and his wife's monthly income is $1,637. Under Wisconsin's marital property laws, petitioner's wife's income is considered to be petitioner's as well. Thus, petitioner's annual income is $22,524. Petitioner's balance comes to $16,884 after subtracting $2,820 for each dependent. Because petitioner's income is greater than $15,000, he must prepay all fees and costs. If he wishes to proceed with this action, he will have to pay the $350 filing fee in full.

ORDER

IT IS ORDERED that petitioner's request for leave to proceed without prepayment of fees and costs in this action is DENIED because petitioner does not qualify for indigent status.

Further, IT IS ORDERED that petitioner may have until June 10, 2008, in which to pay the $350 fee for filing his lawsuit. If, by June 10, 2008, petitioner fails to respond to this order, I will assume that he no longer wishes to prosecute this action and the clerk of court is directed to close this file without prejudice to petitioner's filing his case at a later date.

Entered this 20th day of May, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge