IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATHANIEL HARRIS,

                   Petitioner,

      v.

WISCONSIN DIALYSIS INC. and
JACQUELIN SIMMONS,

                 Respondents.

OPINION and ORDER

08-cv-283-slc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker.  It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the Western District of Wisconsin receive the attention they deserve in a timely manner.   At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action.   Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

In this civil action for monetary relief brought under 42 U.S.C. § 1983, petitioner Nathaniel Harris contends that respondents Wisconsin Dialysis, Inc. and Jacquelin Simmons

violated his right to equal protection under the law and violated the Americans with Disabilities Act when respondent Simmons refused to allow petitioner to use a telephone during a dialysis process.

In an order dated May 22, 2008, petitioner's request for leave to proceed in forma pauperis was denied because it was determined that petitioner did not qualify for indigent status. Petitioner has moved for reconsideration (dkt. #4) of that ruling. Upon reviewing petitioner's submissions it has become apparent that petitioner incurs exceptional expenses because of his need to live apart from his wife in an assisted living facility. Therefore, I will grant petitioner's motion for reconsideration and conclude that petitioner qualifies for indigent status under 28 U.S.C. § 1915(a).

However, before petitioner may proceed in forma pauperis , I must determine whether his action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972).

Because denial of access to a telephone for three and one-half hours is a de minimus injury, and because respondents are not "state actors," petitioner will be denied leave to proceed on his claim that respondents violated his right to equal protection under the law. In addition, because neither respondent is an "owner" or "operator" of the Meriter Hospital telephone that was denied to petitioner, petitioner will be denied leave to proceed on his

claim that respondents violated his rights under the Americans with Disabilities Act and petitioner's case will be dismissed.

From petitioner's complaint, I draw the following allegations of fact.

ALLEGATIONS OF FACT

Petitioner Nathaniel Harris resides in Middleton, Wisconsin. Respondent Wisconsin Dialysis, Inc. is a company that provides dialysis service at Meriter Hospital. Respondent Jacquelin Simmons is a nurse employed by Wisconsin Dialysis, Inc.

Petitioner has been an outpatient dialysis patient for 28 years. Late November 2007, petitioner was admitted to Meriter Hospital by his primary doctor after suffering a massive hematoma in his right arm that caused a loss of blood and required a blood transfusion.

Although petitioner was admitted to Meriter Hospital for this problem, he still needed to be hooked up to dialysis machines three times a week for approximately three and one-half hours. On November 22, 2007, during one of his dialysis hook-ups, petitioner asked respondent Simmons to use a phone within his view to make an "emergency call" to his family so they could be close to him. Respondent Simmons refused to allow petitioner to use the phone, telling him that the phone was not for use by patients. Petitioner asked to use the phone a second time. This time, respondent Simmons told him that the cord on the phone was too short to reach him. Petitioner asked respondent Simmons for permission to

3

use the phone several times; each time respondent Simmons told petitioner that the cord was too short.

On November 24, 2007, Marie, another employee of respondent Wisconsin Dialysis, Inc., allowed petitioner to use the same phone that respondent Simmons had denied him. The phone reached petitioner.  Nurse Marie told petitioner that other patients were allowed to use that phone.

Respondent Simmons, who is white, knew that the cord was long enough to reach petitioner but denied petitioner the phone anyway.  Petitioner is an African American.

Respondent Wisconsin Dialysis, Inc. collects 70% to 80% of its payment for each dialysis process through Medicare, "billing and accepting funds from Medicare."

OPINION

A.  Equal Protection

Petitioner contends that respondent Simmons's refusal to allow him to use a phone on one occasion at Meriter Hospital violated his right to equal protection under the Fourteenth Amendment.  Petitioner's equal protection claim must be dismissed, for multiple reasons.

Ordinarily, differential treatment is permissible so long as there is a rational basis for it, City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 440 (1985), but heightened

4

scrutiny is required in certain situations, such as when the government discriminates on the basis of race.  Johnson v. California, 543 U.S. 499 (2005).

"To establish a prima facie case of discrimination under the equal protection clause, [plaintiff is] required to show that he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class."  McNabola v. Chicago Transit Authority, 10 F.3d 501, 513 (7th Cir.1993) (internal quotations omitted).  At the pleading stage, the liberal requirements of notice pleading are "particularly" liberal for equal protection claims; in the context of race discrimination, even bare allegations such as "I was turned down for a job because of my race" meet the requirements of Fed. R. Civ. P. 8 and state an equal protection claim.  Brown, 398 F.3d at 916 n.1 (quoting Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998)).  However, petitioner does not meet even this generous standard.  Petitioner alleges only that respondent Simmons was white and he was black and she denied him the phone on false grounds even though another nurse working for the respondent company allowed him to use the same phone and told him that other patients were allowed to use the phone.  This is a far cry from being treated differently "because of" his race.  In sum, petitioner offers nothing more than sheer speculation that "race [was] a factor" in respondent Simmons's denial of his request to use the phone.

Assuming that petitioner's bare allegation could be enough to infer that respondent Simmons had a discriminatory motive for her decision to deny his access to a telephone, her

5

isolated refusal to allow petitioner to use a hospital telephone lasted a mere three and one-half hours and falls within the class of injuries for which a federal case cannot be brought: de minimis injuries.  Swick v. City of Chicago, 11 F.3d 85, 87 (7th Cir. 1993) ("The maxim de minimis non curat lex retains force even in constitutional cases, even in civil rights cases. Its particular function is to place outside the scope of legal relief the sorts of intangible injuries normally small and invariably difficult to measure that must be accepted as the price of living in society rather than made a federal case out of.") (Citations omitted.)

Finally, and most important, petitioner is complaining of his treatment by private entities, not state actors.  Petitioner's claim that respondents violated his right to equal protection under the law is brought under 42 U.S.C. § 1983, which allows suit only against persons acting "under color of state law"; likewise, the equal protection clause prohibits only "state action." Lugar v. Edmondson Oil Co., 457 U.S. 922, 929 (1982).  The "ultimate issue in determining whether a person is subject to suit under section 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982).  Thus, to state a claim under 42 U.S.C. § 1983, petitioner must allege facts from which an inference could be drawn that respondents, acting under color of state law, deprived him of a specific right or interest protected by federal law or the Constitution. Bublitz v. Cottey, 327 F.3d 485, 488 (7th Cir. 2003).

6

Although petitioner identifies only a private company, respondent Wisconsin Dialysis, Inc., and its nurse, respondent Simmons, and complains only of activity that occurred in a private hospital, Meriter Hospital, he contends that he may bring a § 1983 action against them because respondent Wisconsin Dialysis, Inc. bills and receives Medicare payments. However, private medical care providers such as respondent Wisconsin Dialysis Inc. and Meriter Hospital "are consistently held not to be state actors even if they participate in the Hill-Burton and Medicaid and Medicare programs, each of which provides member hospitals with substantial governmental funding and subjects them to extensive state regulation." Ridlen v. Four County Counseling Center, 809 F.Supp. 1343, 1349 (N.D. Ind. 1992); see also, id., n.3 (collecting cases); Ezpeleta v. Sisters of Mercy Health Corp., 800 F.2d 199 (7th Cir.1986) (private hospital's termination of staff privileges not state action); Tunca v. Lutheran General Hospital, 844 F.2d 411 (7th Cir. 1988) (private hospital's denial of staff privileges not state action).  Therefore, petitioner has no basis to raise § 1983 claims against respondent Wisconsin Dialysis, Inc. or respondent Simmons for their treatment of him at Meriter Hospital.  Section 1983 is not designed to remedy private grievances such as petitioner's.  Petitioner will be denied leave to proceed on his claim that respondents violated his right to equal protection under the law.

7

B.  <u>Americans with Disabilities Act</u>

Next, petitioner contends that respondents violated his rights under the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134, which prohibits discrimination against "qualified persons with disabilities."  Title III of the Americans with Disabilities Act is concerned with public accommodations and services operated by private entities and prohibits discrimination "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation" by the owners and operators of such accommodations against an individual on the basis of disability.  42 U.S.C. § 12182(a).  To be an "operator" of public accommodations, a person must be in a position of authority and have the power and discretion to perform the acts alleged to be discriminatory.  <u>Howe v. Hull</u>, 874 F. Supp. 779 (N.D. Ohio 1994).  As I understand petitioner's claim, respondent Simmons denied him access to a Meriter Hospital phone because he suffers from a condition that requires dialysis treatment.  Although it is highly unlikely that a nurse working for a dialysis company would discriminate against an individual because he requires dialysis treatment, that is no matter.  Petitioner's claim must fail because respondent Simmons is not an "owner or operator" of the accommodations that petitioner was denied.  Respondent Simmons was working for respondent Wisconsin Dialysis, Inc. when she denied petitioner access to a corded telephone at Meriter Hospital.  Respondent was in the hospital only to provide dialysis services and was not the "owner or

8

operator" of hospital facilities such as their land line telephone.  Because only the "owner or operator" of an accommodation may be held liable for withholding accommodations under the Americans with Disabilities Act, petitioner will be denied leave to proceed on his claim that respondents violated his rights under the Americans with Disabilities Act by denying him access to the Meriter Hospital phone.


ORDER

IT IS ORDERED that:

1.  Petitioner Nathaniel Harris's motion for reconsideration (dkt. #4) is GRANTED; petitioner qualifies for indigent status under 28 U.S.C. § 1915(a);

2.  Petitioner's request for leave to proceed in forma pauperis on his claims that respondents Wisconsin Dialysis, Inc. and Jacquelin Simmons violated his right to equal protection under the law and his rights under the Americans with Disabilities Act claim is DENIED and this case is DISMISSED with prejudice for petitioner's failure to state a claim upon which relief may be granted; and

3. The clerk of court is directed to close the file.

Entered this 17th day of June, 2008.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge